THOMAS T. BEAM, APPELLANT, *v.* PIONEER TITLE INSURANCE AND TRUST COMPANY, A CALIFORNIA CORPORATION, QUALIFIED TO DO BUSINESS IN THE STATE OF NEVADA, RESPONDENT.

No. 4810

March 3, 1965 399 P.2d 448

*George E. Franklin, Jr.,* of Las Vegas, for Appellant.

*Dickerson & Miles,* of Las Vegas, for Respondent.

124

**OPINION**

*Per Curiam:*

In the lower court Beam filed suit against Pioneer Title Insurance and Trust Company to recover $27,780 plus attorneys fees and costs claimed to be due because of Pioneer's alleged breach of escrow instructions. It appears that Beam was the beneficiary of a trust deed dated March 11, 1955, executed by B.N.B. Corporation, as trustor, to Pioneer Title Insurance and Trust Company, trustee, to secure an indebtedness of $27,780. On June 13, 1955, Beam and American Fidelity Fire Insurance Company executed a subordination agreement which provided that the lien of Beam's deed of trust of March 11, 1955, would be subordinated to the lien of a deed of trust dated June 6, 1955, made by B.N.B. Corp., trustor, to Pioneer Title Insurance and Trust Company, trustee, in favor of American Fidelity Fire Insurance Company, beneficiary, to secure a construction loan indebtedness of $255,000. Before executing the subordination agreement with American Fidelity, Beam had instructed Pioneer Title on April 11, 1955, that his deed of trust of March 11, 1955, "shall be recorded second only to the deed of trust securing the construction loan, and shall be recorded before work is performed or materials delivered on the property." The subordination agreement was recorded June 16, 1955, followed one minute later by the recordation of the construction loan deed of trust. Beam's claim for relief rests solely upon his charge that between April 11, 1955 (the date he instructed Pioneer Title) and June 16, 1955 (the date of recording the subordination agreement and the construction loan deed of trust) work was performed upon and materials were

furnished to the property in question. Thus, Pioneer's breach is claimed to be its failure to record before the performance of work or the delivery of materials giving rise to lien claims.[1] Whether, in fact, work was performed or materials delivered during the mentioned period was one of the factual issues presented to the trial court for resolution. That court found that "there was no evidence of any work or labor done on the premises of a current or recent nature, and if any such work or labor was done on said premises prior to June 16, 1955, the same was done either one, two or three years prior to said date." For the purposes of this opinion it is sufficient to state that the finding was justified. Cf. Valley View Distributors of Nevada, Inc. v. United States Rubber Co., 81 Nev. 91, 398 P.2d 993.

Affirmed.

At conference, following submission of this case, McNAMEE, C. J., expressed his agreement that the judgment below be affirmed. However, because of hospitalization, he has not read nor signed this opinion.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

---

[1]Many affirmative defenses of substance were pleaded by Pioneer. Because of our resolution of this appeal we deem it unnecessary to mention them.